Brinkerhoff, J.
I find myself unable fully to concur with my brethren in the conclusions which they have announced in this case.
It seems to me to be clear, that if the lands in question had, in the partition proceedings, been subjected to an actual sale by the sheriff, and at such sale had been purchased by one of the co-heirs, competing with all the world, and actually buying it, and the whole land being thus transmuted from real estate into money, he would thenceforth hold the whole land under the sheriff’s deed to him, made in pursuance of his purchase, as a purchaser. All title by inheritance would have then ceased.
Now, it seems to me that the taking of the land at its appraised value under the statute, by a co-tenant or co-heir, is simply a substitute for, and the equivalent of, an actual sale; the policy of the law being to make him a favored purchaser as against strangers. And this view derives strength from *the consideration that if two or more of the co-tenants elect to take at the appraisement, an actual sale will be peremptorily ordered, in order to swell the proceeds for the impartial benefit of all. And this conclusion is further strengthened by the fact that after an election by a co-tenant to take at the appraisement, the sheriff conveys to him the whole of the land which he elects to take, the same as if it had been subjected to actual sale.
The provision of the statute, to the effect that when a co-tenant elects to. take at the appraisement, he shall pay to the sheriff the amount of the appraised value of the land minus his share of the proceeds, is merely a statutory expedient to avoid the useless ceremony of paying to the sheriff a sum of money which he would be entitled immediately to receive back from him.